UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACKIE FISHER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EDDIE BAUER, LLC,<br><br>Defendant. | Case No.: 19-CV-857-JM-WVG<br><br>**ORDER ON JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND, IN THE ALTERNATIVE, SET TELEPHONIC EARLY NEUTRAL EVALUATION CONFERENCE** |

On February 28, 2020, this Court issued an order setting an Early Neutral Evaluation Conference ("ENE") in this matter to April 14, 2020 at 9:00 a.m. (Doc. No. 24.) On March 20, 2020, the Court *sua sponte* issued an order vacating the April 14, 2020 ENE and resetting the ENE and Case Management Conference ("CMC") to April 28, 2020 at 9:00 a.m. ("ENE Order"). (Doc. No. 25.) On April 7, 2020, the Parties filed a Joint Motion to Continue the Early Neutral Evaluation Conference and Case Management Conference ("Joint Motion") and posed two requests, which are now pending before the Court. (Doc. No. 27.) First, the Parties move the Court to continue the ENE and CMC to "late July or August 2020" to accommodate challenges the Parties have encountered in the face of the COVID-19 pandemic and the Parties' "plan to attend [private] mediation." (*Id*. 3:9-18.)

Second, and alternatively, the Parties move the Court to hold a telephonic ENE and CMC on April 28, 2020, should the Court deny the Parties' continuance request. As explained below, the Court GRANTS IN PART AND DENIES IN PART the Parties' Joint Motion. The April 28, 2020 ENE and CMC shall remain on calendar as previously ordered but shall be conducted telephonically, rather than in person, amongst all participants and the Court.

Rule 16(b) of the Federal Rules of Civil Procedure requires a movant to establish good cause upon seeking modification of the scheduling order. Fed. R. Civ. P. 16(b). This good cause standard is primarily informed by the movant's diligence in attempting to fully comply with the deadlines set by the Court. *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (C.D. Cal. 2003). Failure to make the requisite showing terminates the Court's inquiry into whether it is appropriate to grant the movant's requested relief from the operative scheduling order. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002).

As a threshold matter, the Court is acutely cognizant of the strain that the COVID-19 pandemic has brought upon society-at-large, especially upon litigants, their counsel, and the judiciary. Thus, the Court accepts the Parties' representations that they, and particularly Defendant, a nationwide retailer, have faced setbacks including travel restrictions, corporate office closures, and operational changes that have stalled settlement discussions and routine discovery. However, the Parties have not made the requisite showing under Rule 16(b) to merit a two-month continuance of the ENE and CMC. Other than having agreed to attend private mediation, which the Court supports, the parties have not provided the Court with a specific date when they are scheduled to do so. The Joint Motion also explains the inconveniences the Parties have encountered during the COVID-19 pandemic but these challenges are not unique to them during this unprecedented pandemic. All parties now in litigation before this Court are having to work through the very same practical and logistical burdens as best they can while simultaneously trying to keep litigation moving forward.

Without a firm and near date for private mediation and because we must capture the

momentum and march forward as best we can, the Court DENIES IN PART the Parties' Joint Motion, as it relates to the Parties' request to continue the ENE and CMC. All dates as memorialized in the operative scheduling order remain in effect, including the April 28, 2020 ENE and CMC.

At the same time, the Court GRANTS IN PART the Parties' Joint Motion, as it relates to the Parties' request for a telephonic, rather than in-person, ENE and CMC on April 28, 2020 at 9:00 a.m. Good cause supports the Parties' request to this end, for the reasons noted above. Accordingly, the Court ORDERS all participants in the April 28, 2020 ENE, including all parties vested with full and complete settlement authority, adjusters for Defendant, if insured, and counsel, to telephonically appear for the ENE. No personal appearances for the ENE will be allowed.

For purposes of the April 28, 2020 ENE, all participants are ORDERED to dial Chambers' conference phone number **no later than 9:00 a.m. on Tuesday, April 28, 2020** to make their telephonic appearances. Chambers' conference phone number is (888) 363-4734; the access code is 9189689. The Parties and their counsel shall initiate their participation in the telephonic ENE by first dialing the conference phone number and then following all instructions as prompted. Should anyone experience technical difficulty in connecting with the Court through the conference phone number, they shall immediately contact this Court's Chambers via telephone at (619) 557-6384.

Finally, counsel is responsible for designating one attorney for each party to serve as the party's point-of-contact with the Court. **No later than Tuesday, April 21, 2020**, each attorney acting as the point-of-contact shall lodge his/ her direct telephone number and the names of all individuals who will participate in the ENE on their client's behalf,

///
///
///
///
///

including the parties themselves, insurance adjusters, if any, and counsel.

**IT IS SO ORDERED.**

Dated: April 9, 2020

Hon. William V. Gallo
United States Magistrate Judge